Filed 11/24/15  P. v. Shields CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078613 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F6891, 13F0005) |
| v. | |
| DAVID RAYMOND SHIELDS, JR., | |
| Defendant and Appellant. | |

In February 2014, defendant David Raymond Shields, Jr., entered a guilty plea to second degree burglary (Pen. Code, § 459)[1] and admitted a strike allegation (§ 1170.12), as well as admitting strike and serious felony allegations and pleading guilty to robbery (§ 211) and possession of a controlled substance (Health & Saf. Code, § 11377) in unrelated cases.  Included in the plea agreement were a stipulated term of 10 years eight months in state prison and defendant's promise to testify truthfully in a pending case.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant was sentenced in February 2015. The trial court denied defendant's motion to reduce his second degree burglary conviction to misdemeanor theft (§ 487), and sentenced him to nine years four months in state prison.[2]

On appeal, defendant contends the trial court erred in denying his motion, and imposing a felony term for his second degree burglary conviction violated his right to equal protection. The Attorney General contends defendant's claims are barred by the plea agreement. We find defendant's contentions are cognizable and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2012, defendant broke into a person's car and stole a set of used golf clubs. Defendant was charged with, and pleaded guilty to, "second degree commercial burglary." His plea agreement included a waiver of his right to appeal from the stipulated sentence.

At the sentencing hearing, defendant moved to have his burglary conviction reduced to a misdemeanor pursuant to Proposition 47. The trial court found that since defendant burglarized a vehicle, his crime did not fit the misdemeanor variant of commercial burglary created by Proposition 47. The trial court also found that reducing the burglary conviction to a misdemeanor would violate the plea agreement, which it declined to do.

Defendant's request for a certificate of probable cause was denied.

---

[2] The sentence varied from the stipulated term because the trial court reduced the possession of a controlled substance count (Health & Saf. Code, § 11377) to a misdemeanor in light of Proposition 47, enacted on November 4, 2014 (Pen. Code, § 1170.18).

# DISCUSSION

## I. Defendant's Contentions Are Cognizable

The Attorney General contends defendant's contentions are not cognizable on appeal because defendant agreed to a stipulated sentence that included a felony term for the burglary count, he executed a waiver of his appellate rights in the plea agreement, and he did not obtain a certificate of probable cause.

"As a general proposition, a broad or general waiver, such as 'I waive my appeal rights,' will include error occurring prior to the waiver, but not subsequent error because the defendant could not make 'a knowing and intelligent waiver of the right to appeal any unforeseen or unknown future error . . . .' [Citation.] If, however, the defendant agrees to a bargain which includes a specific or indicated sentence, and if that is the sentence actually imposed, the defendant's waiver will foreclose appellate review of the sentence; any challenge to the sentence will be deemed a challenge to an integral component of the bargain. [Citations.] The waiver will not cover claims that the trial court imposed a sentence in excess of its fundamental jurisdiction or the terms of the bargain, but the waiver will not allow review of alleged error in the computation or imposition of the sentence . . . ." (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157-1158.)

Defendant's claims are not precluded by the waiver or the stipulated term in the plea agreement. He contends that his felony sentence for burglary became unauthorized at the time of sentencing by an event *after* the plea agreement, the enactment of Proposition 47. Defendant's waiver, "I hereby waive and give up my right to appeal from the stipulated sentence I will receive in this case," does not completely insulate the parties from subsequent developments in the law affecting the validity of the stipulated sentence. While a certificate of probable cause is necessary when an appeal attacks an element of the plea agreement (§ 1237.5), the sanctity of the plea agreement does not prevent its terms from being changed by subsequent changes in the law. "[T]he general

3

rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)

Since neither the waiver nor the stipulated term prevent defendant from raising his claims, his contentions are cognizable on appeal.

## II. Defendant's Sentence Was Lawful

Defendant contends the trial court imposed an unlawful sentence when it imposed a felony sentence for his burglary conviction.

"Burglary" is defined as: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code, when the doors are locked, aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises." (§ 459.)

4

Burglary of an inhabited building or inhabited vehicle or vessel designed for habitation is first degree burglary, with all other burglaries being second degree burglary. (§ 460, subds. (a), (b).) Second degree burglary is punishable as a misdemeanor or felony. (§ 461, subd. (b).)

Among the provisions enacted by Proposition 47 is section 459.5, which reduces one type of second degree burglary to a misdemeanor. Section 495.5, subdivision (a) states, "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170." Subdivision (b) of section 459.5 states, "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Defendant claims that since he pleaded guilty to the crime of commercial burglary, the trial court was required to reduce his burglary conviction to shoplifting under section 459.5 because the record does not show facts that exclude his conduct from qualifying for the shoplifting offense. He further contends that section 459.5 establishes a statutory maximum penalty for his conduct, and any increase from the sentence under section 459.5 is subject to the rule of *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435].

5

Defendant's contentions fail because his criminal act does not constitute section 459.5's crime of shoplifting. Before Proposition 47 was passed, defendant was charged with, and pleaded guilty to, "commercial burglary" in violation of section 459. Section 459 does not recognize a specific crime of "commercial burglary," instead defining burglary as the unauthorized entry into a variety of locations with the intent to commit a felony or petit larceny. The crime defendant committed was breaking into a locked car and stealing used golf clubs, which, since the car was not an occupied motor home or other type of dwelling, was second degree burglary.

The term "commercial" became relevant in the context of the crime of burglary only *after* the enactment of Proposition 47, which created the new crime of shoplifting in section 459.5. That crime requires the theft of $950 or less worth of property from a commercial establishment during regular business hours. Since defendant stole the golf clubs from a car instead of a commercial establishment, his criminal conduct does not come within the conduct covered by section 459.5 and defendant's statutory and *Apprendi* contentions must fail.

### III. Defendant's Punishment Does Not Violate Equal Protection Rights

Defendant contends that if his conduct does not come within section 459.5, then his felony punishment violates his equal protection rights. Defendant points out that a person who steals a car worth $950 or less is guilty of petty theft, a misdemeanor (§§ 487, 488, 490), while a person like him who steals $950 or less worth of property from a locked car is subject to felony punishment for second degree burglary. Contending the two groups of criminals are similarly situated, defendant concludes that this distinction violates equal protection.

Like his statutory claim, defendant's equal protection contention founders on the shoals of insufficient facts. The record contains no dollar value for the stolen golf clubs. As the appellant, defendant has the burden of presenting a record adequate to review his

6

claim and to support his contention of error. (*People v. Whalen* (2013) 56 Cal.4th 1, 85.) A person lacks standing to raise an equal protection claim unless that person is a member of the aggrieved class, that he or she is in fact injured by the alleged discrimination. (*People v. Superior Court* (*Manuel G.*) (2002) 104 Cal.App.4th 915, 934.) Defendant has not and cannot show that he was injured by the different treatment of criminals who steal $950 or less because the record does not show whether the golf clubs he stole were worth this little. The fact that a hypothetical defendant who stole only a $100 bill from a car might have a valid equal protection claim does not help defendant because we cannot know whether $950 or less worth of property was taken from the locked car. (See *People v. Garcia* (1999) 21 Cal.4th 1, 11 [defendant lacks standing to assert the equal protection claims of hypothetical felons].)

Since we do not know if defendant was injured by the different treatment of those who steal cars and those who commit burglary of cars, he lacks standing to make his equal protection claim, which we therefore reject.[3]

---

[3] Defendant's contention, placed in his equal protection argument, that Proposition 47 should be broadly construed to treat his conduct as punishable only as a misdemeanor fails as a matter of statutory interpretation (*People v. Gray* (1979) 91 Cal.App.3d 545, 551 ["The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s]"]) and as a constitutional claim because of defendant's lack of standing to raise his equal protection contention.

**DISPOSITION**

The judgment is affirmed.

                                                  BUTZ              , J.

We concur:

       NICHOLSON      , Acting P. J.

       MAURO         , J.